UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EASTLYN IGWEMADU | : | |
| VS. | : | C.A. NO.: CA 08 29 ML |
| PARIS SPORT ASSOCIATES, LLC and JAY FIVE MANAGEMENT, LLC | : | |

**COMPLAINT**

Now comes the Plaintiff in the above-entitled matter and alleges and says as follows:

**JURISDICTION**

1. Jurisdiction of this court is proper under 28 U.S.C., Section 1332. Plaintiff is a citizen of the United States Virgin Islands and Defendants, Paris Sports Associates, LLC and Jay Five Management, LLC, are both domestic limited liability companies organized and existing under the laws of State of Rhode Island. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

**PARTIES**

2. Plaintiff, Eastlyn E. Igwemadu, at all times material hereto is a resident of the United States Virgin Islands.

3. Defendant, Paris Sport Associates, LLC, at all times material hereto is a domestic limited liability company organizing and existing under the laws of the State of Rhode Island.

4. Defendant, Jay Five Management, LLC, at all times material hereto is a domestic limited liability company organized and existing under the laws of the State of Rhode Island.

**CAUSE OF ACTION**

**NEGLIGENCE**

1. On January 27, 2005, the Plaintiff was a guest at her daughter's apartment located at 219 Grand Avenue in the City of Cranston, County of Providence, State of Rhode Island.

2. On January 27, 2005, Defendant, Paris Sport Associates, LLC was the owner of the property located at 219 Grand Avenue, in the City of Cranston, County of Providence, State of Rhode Island.

3. On January 27, 2005, Defendant, Jay Five Management, LLC, upon information and belief provided management and property services to the Co-Defendant for the property located at 219 Grand Avenue, in the City of Cranston, State of Rhode Island.

4. Plaintiff, Eastlyn E. Igwemadu, on January 27, 2005, while walking upon an exterior walkway on the premises, slipped and fell sustaining personal injuries.

5. At all times material hereto, the Plaintiff, was in the exercise of due care and caution.

6. At all times material hereto, the Defendants, their agents, servants and/or employees knew or in the exercise of due care should have known that the Plaintiff, and/or others in Plaintiff's capacity would have been upon said premises and using the exterior walkway.

7. Defendants, their agents, servants and/or employees were under a duty to exercise reasonable care to keep the exterior walkway safe, free from defects, free from foreign substances and hazardous conditions, free from snow and ice, and safe for the intent and purposes of said location.

8. Defendants, their agents, servants and/or employees were under a duty to exercise reasonable care to protect the Plaintiff, by inspection and other affirmative acts from injuries resulting from the accumulation of snow and ice upon the exterior walkway and the slippery, dangerous and unsafe conditions thereby resulting.

9. Defendants, their agents, servants and/or employees were under a duty to have available sufficient personal and equipment to properly inspect and maintain the exterior walkway in a condition reasonably safe for the Plaintiff and free from defects and conditions rendering it unsafe.

10. Defendants, their agents, servants and/or employees were under a duty to warn the Plaintiff or others in a similar capacity of any slippery, dangerous or unsafe conditions existing upon the premises.

11. Defendants, their agents, servants and/or employees did negligently and carelessly breach all of the aforesaid duties and as a direct and proximate result of said negligence, the Plaintiff, Eastlyn E, Igwemadu slipped and fell upon the property located at 219 Grand Avenue, in the City of Cranston, County of Providence, State of Rhode Island.

12. As a direct and proximate result of said accident and the negligence of the Defendants as complained of herein, Plaintiff, Eastlyn E. Igwemadu sustained severe, permanent, personal injuries which incapacitated her; she has been prevented and will continue to be prevented from carrying on her usual activities; she has suffered, presently suffers and in the future will suffer great pain of body and mind; she incurred, is continuing to incur and will in the future incur great expenses for medical and hospital care and attention; she has incurred, continues to incur and in the future will incur a loss of earnings, wages and/or income.

**WHEREFORE,** Plaintiff, Eastlyn E. Igwemadu, demands judgment against the Defendants, jointly and severely in an amount sufficient to

sustain the jurisdiction of the court and to be determined by the trier of fact for compensatory damages plus interest and costs.

Plaintiff,
By and Through Her Attorney,

Thomas A. Tarro, III #2046
The Law Firm of Thomas A. Tarro,III
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
Tel: (401) 737-7200
Fax: (401) 732-3362

Dated: January 18, 2008

**PLAINTIFFS HEREBY CLAIMS HER RIGHT TO TRIAL BY JURY**