UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EASTLYN IGWEMADU | : | |
| | : | |
| VS. | : | C.A. NO.: 08-29ML |
| | : | |
| PARIS SPORT ASSOCIATES, LLC | : | |
| and JAY FIVE MANAGEMENT, LLC | : | |

# PLAINTIFF'S PRE-TRIAL CONFERENCE STATEMENT

## FACTUAL BACKGROUND

On January 27, 2005, the Plaintiff, Eastlyn Igwemadu, was a tenant at 219 Grand Avenue in Cranston, RI, property owned by the Defendant, Paris Sport Associates, LLC, and managed by the Defendant, Jay Five Management, LLC.

There were two means of access to Plaintiff's apartment both of which were covered by snow and ice.

On January 23, 2005 a snow storm deposited a significant amount of snow on the passageways that led to Plaintiff's apartment. Neither Defendant took any steps whatsoever to remove the snow and ice or take any other action to render the passageways safe for use by the tenants. Plaintiff and her daughter called and left messages on a recorder requesting that the snow and ice being removed. Despite these calls nothing was done.

On January 26, 2005 there was another snowfall that rendered the passageways even more dangerous. Despite this second snow the Defendants took no action whatsoever to render the passageways safe.

On the evening of January 27, 2005 Plaintiff who was 65 years of age took a garbage bag to the dumpster located on the property. On her return to her apartment she slipped and fell on snow and ice located on the passageway which is shown in the photograph taken within days after the fall.



When she fell, the Plaintiff landed on her coccyx and experienced severe pain and discomfort in her low back, hip and in her right leg. She was unable to get up for 30 minutes. Initially Plaintiff thought her condition would improve but instead it got progressively worse and she began experience difficulty walking. Plaintiff contacted Dr. Robert Mastronardi and began treatment with him on February 21, 2005. Dr. Mastronardi referred her to Dr. Gary L'Euopa, a neurologist, for testing. The nerve conduction studies performed were abnormal and Dr. L'Europa diagnosed bi-lateral L-5 radiculopathies.

Plaintiff was prescribed pain medication and continued on with chiropractic care in Rhode Island and in St. Thomas, US Virgin Islands, where the Plaintiff resides the greater part of the year.

The Plaintiff has continued with conservative therapy, including physical therapy sessions and chiropractic therapy, as well as epidural steroid injections. But, she continues to experience chronic lumbar pain.

Inasmuch as conservative therapy has not eased the Plaintiff's symptoms and pain, Dr. L'Europa recommended a surgical consult. On February 13, 2008, the Plaintiff was seen by Dr. Michael Olin, a neurosurgeon, who advised the Plaintiff of her surgical options.

To date, the Plaintiff's medical expenses are in excess of $6,000.00, with treatment continuing which will eventually include back surgery.

## LEGAL ISSUES

Plaintiff anticipates the Defendants will argue insufficient notice to trigger a duty of care with respect to the removal of the snow and ice that the Plaintiff slipped and fell on the date in question. In the case of Fuller v. Housing Authority of Providence, 108 RI 770, 279 A.2d 438 (1971), the Rhode Island Supreme Court adopted the so-called Connecticut Rule, which provides that a landlord owes a duty to his or her tenant "to use reasonable care to see that the common areas are kept reasonably safe from the dangers created by the accumulation of snow and ice which is attributed to purely natural causes." 279 A.2d at 440. The court went on to note that a landlord must be given a reasonable time after a storm has ceased to remove the accumulation. 279 A.2d at 441.

As evidenced by the factual background set forth herein, the Defendants had ample time to remove the accumulation of snow and ice on the common walkway in the instant matter, but failed to do so. The Defendants' breach of its duty of care is clearly shown by the shear amount of time that passed from the substantial snowstorm – which deposited the greater majority of the snow on the common walkway – on January 23, 2005 to the date of the incident, January 27, 2007; four (4) days after. The breach is further compounded by the fact that the Plaintiff and her daughter left numerous messages over said period of time requesting that the accumulation of snow and ice be removed.

Plaintiff is aware of no other legal issues at this time.

Plaintiff,

By and through her attorney,

__/s/ Thomas A. Tarro, III, Esq._____
Thomas A. Tarro, III (2046)
The Law Firm of Thomas A. Tarro, III
300 Centerville Road
Summit East, Suite 330
Warwick, RI 02886
(401) 737-7200
(401) 732-3362 – Fax

**CERTIFICATION**

I, the undersigned, hereby certify that I have sent a copy of the foregoing ***Plaintiff's Pre-Trial Conference Statement*** via electronic filing on the 20th day of March, 2008, to:

Robert P. Corrigan, Esq.
Hines & Corrigan, Inc.
One James P. Murphy Highway
West Warwick, RI 02893

___/s/ Thomas A. Tarro, III, Esq._____