UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EASTLYN IGWEMADU | : | |
| | : | |
| VS. | : | C.A. NO.: 08-29ML |
| | : | |
| PARIS SPORT ASSOCIATES, LLC | : | |
| and JAY FIVE MANAGEMENT, LLC | : | |

**MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES PROPOUNDED THE DEFENDANT, PARIS SPORT ASSOCIATES, LLC**

Now comes your Plaintiff in the above-entitled matter, pursuant to Rule 37 of the Federal Rules of Civil Procedure, and moves this Honorable Court for an Order compelling the Defendant, Paris Sport Associates, LLC, to provide more responsive answers to the following interrogatories:

**INTERROGATORY NO. 9:** Did you or any agent, servant, or employee of the Defendant make any examination or inspection of the place or area where the Plaintiff fell at any time within 48 hours before the time of the incident alleged in the complaint? If so, please give the following information:

a) The date and time of day of such examination or inspection;

b) The identification, including the name and address of the person or persons making such examination or inspection;

c) State in complete detail what such examination or inspection consisted of;

d) State in complete detail what such examination or inspection revealed or showed; and

e) State in complete detail each and every act or activity done or undertaken by you or any agent, servant, or employee of the Defendant as the result of any condition or circumstance disclosed by such examination or inspection.

**ANSWER**: (A) to (E) I have no personal knowledge whether there had been an examination or inspection of the premises at any time within 48 hours before the date of the incident alleged in the complaint. The management company Jay Five Management, LLC or its agents, servants, or employees may have conducted such an examination or inspection as part of its maintenance. However, there are no records available by which I can determine whether such an examination or inspection took place. Those employee(s) of Jay Five Management, LLC who might have personal knowledge are no longer with the company. Copies of the inspection of the premises are hereby attached and incorporated as part of this answer. See Exhibit A. These records pertain to snow removal activities for various properties, including the 219 Grand avenue property. The 219 Grand Avenue property is sometimes identified in these records by the short hand reference "CH", and other times by the reference "Carriage House". I would reasonably assume that any snow removal or treatment conducted on the property on the dates indicated in the records would have also included an examination or inspection of the property.

**INFORMATION SOUGHT:** The Plaintiff seeks an Order of the Court compelling the Defendant to provide a response to subsection (b) of the interrogatory, which seeks the name and address of any person or persons who made

an examination or inspection of the place or area where the Plaintiff fell at any time within 48 hours before the time of the incident alleged in the Complaint. In the Defendant's answer, he states that those employees of the management company, Defendant Jay Five Management, LLC, who might have personal knowledge about any such examination or inspection are no longer with the company. However, the Defendant fails to identify those individuals by name and address in response to the interrogatory, and specifically, subsection (b) thereof. Accordingly, Plaintiff seeks an Order of the Court compelling the Defendant to provide a more responsive answer as stated above.

**INTERROGATORY NO. 10:** Did you or any agent, servant, or employee of the Defendant make any examination or inspection of the place or area where the Plaintiff fell at any time after the time of the incident alleged in the complaint? If so, please give the following information:

a) The date and time of day of such examination or inspection;

b) The identification, including the name and address of the person or persons making such examination or inspection;

c) State in complete detail what such examination or inspection consisted of;

d) State in complete detail what such examination or inspection revealed or showed; and

e) State in complete detail each and every act or activity done or undertaken by you or any agent, servant, or employee of the

Defendant as the result of any condition or circumstance disclosed by such examination or inspection.

**ANSWER**: (A) to (E) I do not have any knowledge exactly where the Plaintiff claims to have fallen. I have no knowledge whether there had been an examination or inspection of the premises at any time after the date of the incident alleged in the complaint. The management company Jay Five Management, LLC or its agents, servants, or employees may have conducted such an examination or inspection as part of its maintenance. However, there are no records available by which I can determine whether such an examination or inspection actually took place. The records cannot be located and the employee(s) of Jay Five Management, LLC who might have knowledge are no longer with the company. Photographs were taken of the premises by my insurer. These photographs were forwarded to Plaintiff's attorney by Defendants' attorney.

**INFORMATION SOUGHT:** The Plaintiff seeks an Order of the Court compelling the Defendant to provide a response to subsection (b) of the interrogatory, which seeks the name and address of any person or persons who made an examination or inspection of the place or area where the Plaintiff fell after the time of the incident alleged in the Complaint. In the Defendant's answer, he states that those employees of the management company, Defendant Jay Five Management, LLC, who might have personal knowledge about any such examination or inspection are no longer with the company. However, the Defendant fails to identify those individuals by name and address in response to the

interrogatory, and specifically, subsection (b) thereof. Accordingly, Plaintiff seeks an Order of the Court compelling the Defendant to provide a more responsive answer as stated above.

**INTERROGATORY NO. 13:** Please state the last time the exterior walkway where Plaintiff fell was last maintained with regard to the accumulation of snow and ice prior to the time of Plaintiff's fall. Please include in your answer the following:

a) the name, address, telephone number and position of the person who's last maintained the exterior walkway with regard to the accumulation of snow and ice;

b) the type of any materials or substances used to alleviate conditions of snow and ice;

c) the manner and method by which the exterior walkways were maintained with regard to the accumulation of snow and ice;

d) whether or not the exterior walkway was inspected after the occurrence of any maintenance, but prior to the time of Plaintiff's fall;

e) the name, address, telephone number and position of the person making any inspection of the exterior walkway after maintenance;

f) the manner and method of inspection performed, after the exterior walkways were maintained prior to the time of Plaintiff's fall.

**ANSWER**: (A) to (F) I have no personal knowledge of exactly where on the property the Plaintiff alleges that she fee. Therefore, it is difficult for me to answer this question. However, I do not have any personal knowledge when 219

Grand Avenue was last maintained in regard to the accumulation of snow and ice prior to Plaintiff's alleged fall. The management company Jay five Management, LLC or its agents, servants, or employees may have performed snow or ice removal or treatment. Copies of the only records known to exist and which pertain to the maintenance, examination or inspection of the premises are hereby attached and incorporated as port of this answer. See Exhibit A. These records pertain to snow removal activities for various properties, including the 219 Grand Avenue property. The 219 Grand Avenue property is sometimes identified in these records by the short hand reference "CH", and other times by the reference "Carriage House". I would reasonably assume that any snow removal or treatment conducted on the property on the dates indicated in the records would have also included an examination or inspection of property. The employee(s) of Jay Five Management, LLC who might have personal knowledge are no longer with the company. I have no personal knowledge of the person who last maintained the exterior walkway; the materials or substances used to alleviate the conditions or snow and ice; the manner and method by which the exterior walkways; whether there were any inspections of the walkway; or the manner and method of any inspection.

**INFORMATION SOUGHT:** The Plaintiff seeks an Order of the Court compelling the Defendant to provide a response to subsection (a) of the interrogatory, which seeks the name and address of any person or persons who last made an examination or inspection of the exterior walkway where the Plaintiff fell with regard to the accumulation of snow and ice prior to the time of the Plaintiff's

fall as alleged in the Complaint. In the Defendant's answer, he states that those employees of the management company, Defendant Jay Five Management, LLC, who might have personal knowledge about any such examination or inspection are no longer with the company. However, the Defendant fails to identify those individuals by name and address in response to the interrogatory, and specifically, subsection (a) thereof. Accordingly, Plaintiff seeks an Order of the Court compelling the Defendant to provide a more responsive answer as stated above.

**INTERROGATORY NO. 14:** Please state the Defendant's policy and procedures as they existed in January 2005 with regard to removal of snow and ice and application of sand and/or ice melts and/or salt at 219 Grand Avenue, Cranston, Rhode Island.

**ANSWER**: Copies of the only records known to exist and which pertain to the maintenance, examination or inspection of the premises are hereby attached and incorporated as part of this answer. See Exhibit A. These records pertain to snow removal activities for various properties, including the 219 Grand Avenue property. The 219 Grand Avenue property is sometimes identified in these records by the short hand reference "CH", and other times by the reference "Carriage House". I would reasonably assume that any snow removal or treatment which was conducted on the property on the dates indicated in the records would have also included an examination or inspection of the property. I reasonably assume that the management company Jay Five Management, LLC or its agents, servants or employees performed snow or removal or treatment in accordance with what is reported in the records

hereby attached as Exhibit A. These activities would have included shoveling, application of sand or ice melt, and plowing. To my knowledge, there were no written policies and procedures. The complete records cannot be located and the employee(s) or Jay Five Management, LLC who might have knowledge are no longer with the company.

**INFORMATION SOUGHT:** The Plaintiff seeks an Order of the Court compelling the Defendant to provide a response to the interrogatory concerning the Defendant' policies and procedures at the time of the incident involving the Plaintiff regarding the removal of snow and ice and application of sand and/or ice melts and/or salt at 219 Grand Avenue, Cranston, Rhode Island. In the Defendant's answer, he states that those employees of the management company, Defendant Jay Five Management, LLC, who might have personal knowledge about any such policies and procedures are no longer with the company. However, the Defendant fails to identify those individuals by name and address in response to the interrogatory. Said information is necessary and relevant particularly where Mr. Savage's answer is entirely based on his "assumptions" as to snow removal or treatment, including, inspection and examination of the property by employees of Defendant. Mr. Savage clearly has no personal knowledge about these issues, which go directly to the issues of Defendant's negligence and liability in this matter. Accordingly, Plaintiff seeks an Order of the Court compelling the Defendant to provide a more responsive answer as stated above.

WHEREFORE, Plaintiff seeks an Order of the Court granting her Motion to

Compel More Responsive Answers to the foregoing interrogatories. Plaintiff seeks a 30 Day Order for compliance.

## GOOD FAITH CERTIFICATION

Plaintiff's counsel hereby certifies that he made a good faith effort to resolve this matter without the need for Court intervention.

__/s/ Thomas A. Tarro, III, Esq._____

Plaintiff,
By and Through Her Attorney,

__/s/ Thomas A. Tarro, III, Esq._________
Thomas A. Tarro, III (#2046)
The Law Firm of Thomas A. Tarro, III
The Summit East – Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 – *fax*

## CERTIFICATION

I hereby certify that a copy of the above Motion to Compel More Responsive Answers to Interrogatories Propounded upon the Defendant, Paris Sport Associates, LLC was sent on the 30th day of July, 2008 to:

Brian Burns, Esq.
Hines & Corrigan, Inc.
One James P. Murphy Highway
West Warwick, RI 02893

__/s/ Thomas A. Tarro, III, Esq.___