UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EASTLYN IGWEMADU

v. C.A. NO: 08 – 29ML

PARIS SPORT ASSOCIATES, LLC
And JAY FIVE MANAGEMENT, LLC

**MEMORANDUM IN SUPPORT OF OBJECTION OF DEFENDANT JAY FIVE MANAGEMENT, LLC TO THE MOTION TO STRIKE OBJECTIONS AND COMPEL MORE RESPONSIVE RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY PLAINTIFF TO THE DEFENDANT JAY FIVE MANAGEMENT, LLC**

Defendant Jay Five Management, LLC objects to the Plaintiffs motion to strike objection and compel more responsive response to the request for production of documents propounded by Plaintiff to the Defendant Jay Five Management, LLC.

REQUEST NO. 4: Any and all document transmitted between the Defendant, Jay Five Management, LLC and any other person or entity, other than defense counsel, which addresses the liability for the location where Plaintiff fell.

RESPONSE NO. 4: Objection to providing documents between the Defendants and its attorneys and insurer as such documents are privileged form discovery based on the attorney-client communication privilege. Otherwise, none.

INFORMATION SOUGHT: Plaintiff seeks an Order of the Court striking the Objection which has been posed by the Defendant, or in the alternative, for an order of the Court requiring the Defendant to provide a privilege log pursuant to Rule 26(c)(5) of the Federal rules of Civil Procedure setting forth the nature of any documents, communications or things not produced or disclosed in response to the request which the Defendant submits are protected by a claim of privilege.

ARGUMENT AND LAW

On April 19, 2005, the Defendant Jay Five Management, LLC, through Kelly Florenz, transmitted to its insurer Vermont Mutual Insurance Company time sheets showing snow removal at the site and list of tenants at the site. The fax cover sheet has not been produced through discovery based on privilege. The faxed records have been produced through discovery. At present, there have been no other documents transmitted between this Defendant and its

insurer. However, the Defendant objects to providing the fax cover sheet for the 4/19/05 fax transmission and for any future communications between the Defendant and its insurer on the basis that these communications are privileged from discovery. Moreover, the Defendant objects to providing a privilege log for these future communications.

In diversity cases, federal courts follow state law on questions of privilege. *Baker v. General Motors Corp.*, 209 F.3d 1051, 1053 (8th Cir. 2000); see also Fed. R. Evid. 501 ("...in civil actions and proceedings, with regard to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person....thereof shall be determined in accordance with State law). While there does not seem to be any Rhode Island cases on point, the rule in most other jurisdictions is that such communications are generally privileged.

The law on this point has been summarized as follows: "A statement by the insured to the insurance company, through a claims adjuster or an insurance company's investigator, is protected by the attorney-client privilege. The test to determine whether the attorney-client privilege applies to a communication between an insured and his or her liability or indemnity insurer is whether the dominant purpose of the communication was for the insured's defense and whether the insured had a reasonable expectation of confidentiality...." 81 Am. Jur.2d Section 413. See also "Insured-insurer communication as privileged", 55 ALR4th 323.

The fax of 4/19/05 was clearly sent in order to assist in the defense of the matter and therefore, the fax cover sheet should be protected from discovery based on privilege. Moreover, clearly any future communications between Defendant and its insurer will be for the dominant purpose of the Defendant's defense in this matter. The Defendant should not be saddled with the obligation to create a privilege log detailing all future communications between the Defendant and is insurer as such would be unduly burdensome, invasive and not reasonably calculated to lead to the discovery of admissible evidence.

For the above entitled reasons, the Defendant respectfully requests that the Plaintiff's motion be denied.

Defendants
By and through their attorneys

Brian Burns, Esq. #4187
Hines & Corrigan, Inc.
One James P. Murphy Highway
West Warwick, RI 02893

Tel 401-821-6266
Fax 401-821-6446

CERTIFICATION

I hereby certify that I mailed a true copy of the within Request for Production to the below named party on the 6th day of August, 2008.

Thomas Tarro III, Esq.
Law Firm of Thomas Tarro III
The Summit East – Suite 330
300 Centerville Road
Warwick, RI 02886